IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
|  | *    CRIMINAL NO.: WDQ-12-0163 |
| RICARDO O. CURRY, II | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Ricardo O. Curry, II, *pro se*, is charged with tax and bankruptcy fraud. Pending is Curry's motion to dismiss the indictment.[1] For the following reasons, the motion will be denied.

I.  Background

This case arises from Curry's alleged relationship with and income from Peerless Real Estate Services, Inc. ("Peerless"), a North Carolina real estate business. See ECF No. 44. On May 27, 2012, Curry was indicted and charged with three counts of making and subscribing a false tax return. ECF No. 1. On April 27, 2012, Curry moved to quash the indictment. ECF No. 11. That day he was arraigned before Magistrate Judge Susan K. Gauvey. ECF No. 12. On May 3, 2012, the government opposed the motion to quash. ECF No. 13.

---

[1] Also pending are motions about a psychiatric exam and to continue. ECF Nos. 16, 28, 29. These will be denied as moot.

On December 11, 2012, the grand jury returned a superseding indictment, charging Curry with (Counts 1-2) aiding and assisting the preparation and presentation of a false and fraudulent tax return, (Counts 3-6) bankruptcy fraud, (Counts 7-10) falsification of records in bankruptcy, and (Count 11) false oath.  ECF No. 44.  On December 21, 2012, he was arraigned before Magistrate Judge Beth P. Gesner.  ECF No. 53.

II. Analysis

Curry presents several frivolous arguments to quash the original indictment.  See ECF No. 11.  The government opposes the motion.  ECF No. 13.

First, Curry asserts that Assistant U.S. Attorney Gregory Bockin lacks personal knowledge under Fed. R. Evid. 602 and 802. ECF No. 11 at 2.  Even if true, this is irrelevant; generally, "the rules of evidence do not apply in grand jury proceedings." See Cave v. United States, No. 7:03-CR-00157, 2009 WL 1009771, at *9 (W.D. Va. Apr. 14, 2009); Fed. R. Evid. 1101(d)(2).

Next, Curry contends that the government plaintiff is fictitious, and the use of capital letters means that the defendant "is an artificial or fictitious person."  ECF No. 11 at 2.  The United States may prosecute tax crimes, and this Court has original jurisdiction over "offenses against the laws of the United States."  United States v. Eilertson, 707 F.2d 108, 109 (4th Cir. 1983) (internal quotation marks omitted).

2

Curry's capital-letter argument is also unavailing and frivolous. See, e.g., United States v. Mitchell, 405 F. Supp. 2d 602, 604 (D. Md. 2005).

Curry also argues that the government improperly failed to file a criminal complaint. ECF No. 11 at 2. However, as Curry was charged with felonies carrying terms of imprisonment of more than one year, he must be charged through an indictment.[2] There is no requirement that the government first file a complaint.[3] The motion will be denied.

III. Conclusion

For the reasons stated above, Curry's motion to quash will be denied.

_____3/19/13_____                    _____/s/_____
Date                                   William D. Quarles, Jr.
                                       United States District Judge

---

[2] See U.S. Const. amend. V; Fed. R. Crim. P. 7(a)(1)(B); see also 26 U.S.C. § 7206(1) (authorizing imprisonment of not more than three years).

[3] See United States v. Dietz, 51 F.3d 269 (table), 1995 WL 133353, at *2 (4th Cir. 1995) (per curiam); Marrone v. United States, Civil No. 5:09-0073, Crim. No. 5:04-0228, 2011 WL 6009984 at *5 (Nov. 9, 2011), adopted, 2011 WL 6009979 (S.D. W. Va. Dec. 1, 2011); cf. Fed. R. Crim. P. 3.

3